# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GMAC INS. COMPANY ONLINE, INC.,**

**Plaintiff,**

-vs-                                                    Case No.  6:13-cv-1826-Orl-28DAB

**LENNELL C. SHAW, et al.,**

**Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This purports to be an action by an insurer against its insureds and numerous others, seeking a declaration that it has no duty to defend or indemnify any insured with respect to a December 27, 2012 automobile accident; and declaring that it has no duties or obligations in regard to any other Defendant.  According to the pleading (Doc. 1), Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201-2202.  The Petition alleges that the "amount in controversy between the parties exceeds the sum of $75,000, exclusive of interest and costs, and there is a complete diversity of citizenship between Plaintiff and Defendants."  As the Petition did not reflect a factual basis for this assertion and the Court found reason to question it, an Order to Show Cause was issued (Doc. 29).  Upon review of Plaintiff's response (Doc. 32), the Court concludes that it is without jurisdiction over this matter, and therefore **respectfully recommends** that the case be dismissed.

*Standards of Law*

As set forth in the show cause Order, federal courts are courts of limited jurisdiction.  An action for declaratory relief, such as the one at issue here, must independently satisfy federal subject matter jurisdiction requirements; the Declaratory Judgment Act does not create an independent basis for jurisdiction. *See* 28 U.S.C. § 2201(a) (authorizing district courts to grant declaratory relief in "a

case of actual controversy within its jurisdiction"). Thus, in order for Plaintiff to maintain its action for declaratory judgment in this Court, it must still establish the source of the Court's jurisdiction. *See Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir.1989) ("[T]he Declaratory Judgment Act ... does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question."). As no federal question is presented, it appears Plaintiff is attempting to invoke the Court's diversity jurisdiction.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is *complete* diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978) (emphasis added). In order to achieve complete diversity no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment*, 437 U.S. at 373. For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship).

As for the amount in controversy, it is Plaintiff's obligation to prove "by a preponderance of the evidence that the claim ... meets the jurisdictional minimum." *Federated Mut. Ins. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003). As this is an action for declaratory relief:

"The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002) (*citing Ericsson GE Mobile Communications v. Motorola Communications & Elecs.*, 120 F.3d 216, 218 (11th Cir.1997)). If the plaintiff seeks a judgment declaring the absence of a duty to defend or indemnify, the amount in controversy is generally measured by the insurer's potential liability to indemnify under the policy plus the insured's cost to defend the underlying action. *Stonewall Ins. v. Lopez*, 544 F.2d 198, 199 (5th Cir.1976).

*New Hampshire Indem. Co. v. Scott,* No. 8:11–cv–943–T–23MAP, 2012 WL 6537098, *1 (M.D. Fla. Dec. 14, 2012).

*Discussion*

With respect to the citizenship of the parties, the Petition asserts that Plaintiff is a "foreign corporation" with its principal place of business in North Carolina. As a corporation is a citizen of its state of incorporation, an allegation that it is a "foreign" state is insufficient to evaluate diversity.  In its response to the show cause Order, Plaintiff clarifies that it is a corporation incorporated in the state of North Carolina (Doc. 32, p. 5).   As clarified, the Court finds that Plaintiff is a citizen of North Carolina.

As for Defendants, the Petition fails to properly plead the citizenship of *any* Defendant. Plaintiff alleges that, "at all times material" *each* Defendant "is and was a Florida resident residing in Orange [or Seminole] County, Florida and who is concealing her [or his] whereabouts or is no longer a resident of the State of Florida."  In its response, Plaintiff acknowledges that it "might have inartfully pled the citizenship status of each of the Defendants in the Petition," but "now advises the Court, based on information available to it through reliable law enforcement sources, that each and every Defendant so named is a citizen of the State of Florida." (Doc. 32, p. 4).  Assuming Plaintiff were to be allowed to file an Amended pleading clarifying the citizenship allegations, this showing would be sufficient to establish that the parties are diverse.  This does not end the matter, however, as the Court does not find an adequate showing with respect to the amount in controversy.

As noted above, Plaintiff has the burden of showing that the amount in controversy exceeds $75,000, exclusive of interest and costs. As stated in the show cause Order: "While Plaintiff has alleged that the amount in controversy exceeds this sum and "there is a complete diversity of citizenship between Plaintiff and Defendants," a review of the pleading renders this allegation suspect." Indeed, there is no allegation in the pleading other than this conclusory assertion, which would support a finding that the jurisdictional minimum has been met.

In its response, Plaintiff offers only the following:

> The automobile accident in question involved four (4) vehicles. At least six (6) people were treated for injuries and/or were transported to local hospitals. Several of these people have filed responses to the complaint indicating that they have injuries from this accident. As the automobile insurer, *providing $10,000/$20,000 in bodily injury liability coverage and $10,000 in property damage liability* coverage, the total amount of available coverages are at risk and subject to claims from the defendants. In addition, the duty to defend any **potential** lawsuits filed against Lennell Shaw or Jamiqua Shaw is in issue. The costs of such defense could easily exceed $75,000, standing alone. Thus, Plaintiff has a good faith belief that property damage and medical expenses to which it is exposed as a result of this incident, exceed $75,000.00 and thus such is the amount in controversy.

(Doc. 32, p. 5- emphasis added). The Court finds this showing to be insufficient as a matter of law.

As the amount in controversy is the insurer's potential liability to indemnify under the policy plus the insured's cost to defend the underlying action, Plaintiff has shown that its exposure under the limits of the policy is, at most, $30,000 ($20,000 *per accident,* $10,000 property damage). As Judge Whittemore has recently noted:

> An action seeking a declaratory judgment as to coverage on a policy with an applicable limit of less than $75,000 does not satisfy the amount-in-controversy requirement. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 808 (11th Cir.2003) (dismissing declaratory judgment action for lack of subject-matter jurisdiction where the policy at issue had a $50,000 limit and plaintiff did not place a fixed value on a bad faith claim brought contemporaneously); *N.H. Indem. Co. v. Scott,* No. 8:11–cv–942–T–23MAP, 2012 WL 6537098, at *2–3 (M.D.Fla. Dec.14, 2012) ($10,000 limit on policy at issue was the amount in controversy, even where insurer was prosecuting the declaratory judgment action to prevent a "potential" bad faith action, in which insurer might be held liable for the $69 million excess judgment).

*North American Capacity Ins. Co. v. C.H.,* No. 8:12–cv–02860–T–27AEP, 2013 WL 5305708, *4 (M.D. Fla. Sept. 20, 2013).

Nor is the Court persuaded by Plaintiff's conclusory assertion that the "cost of any defense could easily exceed $75,000." As the undersigned has previously noted: "Courts in this district have found that unsubstantiated predictions of plaintiffs' attorneys' fees are not sufficient to meet the jurisdictional requirement." *Florida Emergency Physicians Kang & Associates, M.D., P.A. v. Auto-Owners Ins. Co.,* No. 6:12–cv–1006–Orl–37DAB, 2012 WL 3537223, *3 (M.D. Fla. July 30, 2012), *citing Abilities Rehabs. Ctr. Found., Inc. v. Mount Vernon Fire Ins. Co.*, No. 08–cv–1676–T–33TBM, 2010 WL 4723449, at *3 (M.D. Fla. Nov.15, 2010); *Smuland v. UNUM Life Ins. Co. of Am.*, No. 6:10–cv–281–Orl–28GJK, 2010 WL 1839106, at *1 (M.D. Fla. April 30, 2010); *Bruzon–Pena v. Infinity Indem. Ins. Co.*, No. 8:09–cv–2170–T–33EAJ, 2010 WL 3663788, at *3 (M.D.Fla. July 14, 2010). This continues to be the case. *See, e.g., Johnson v. Liberty Mut. Ins. Co.,* No. 8:13–cv–491–T–33TGW, 2013 WL 1503109 (M.D. Fla. April 12, 2013) (additional claim for attorney's fees " fails to cure the speculative nature of the amount of damages sought").

Moreover, the amount in controversy is determined at the time of the commencement of the action. While the Petition alludes to "claims," there is no showing that, in fact, a claim or claims have been made or are imminent. Indeed, the Response speaks to fees for defense of any "potential" lawsuits. There is no showing that a defense has been tendered here, under a reservation of rights or otherwise.[1] As Judge Antoon has noted:

> Although the cases addressing the justiciability of declaratory judgment actions "do not draw the brightest of lines," *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007), Supreme Court "decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having

---

[1] "Unless expressly reserving the right for reimbursement, an insurer cannot recover from an insured the cost of defending the insured in an underlying action. The proposition holds even if the insurer wins a judgment declaring the absence of a duty to defend." *New Hampshire Indem. Co. v. Scott, supra,* 2012 WL 6537098, *3 (internal citations omitted).

adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts,' " *id.* (*quoting Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). Thus, "[t]he party who invokes a federal court's authority must show, at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas Light*, 68 F.3d at 414 (*quoting U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir.1991)). Furthermore, if the party's concern is the threat of future injury, "[t]here must be a substantial likelihood that the plaintiff will suffer [such] future injury: a 'perhaps' or 'maybe' chance is not enough." *Malowney*, 193 F.3d at 1347. Indeed, even a "well-founded" concern is insufficient to create a justiciable controversy if it is based on speculation. *Atlanta Gas Light*, 68 F.3d at 415.

*Axis Surplus Ins. Co. v. Contravest Const. Co.,* 921 F.Supp.2d 1338, 1343 -1344 (M.D. Fla. 2012).

Considering the policy limits here, the absence of a showing as to any underlying (or threatened) litigation and the unique facts of this accident, the conclusory assertion as to the amount in controversy is simply too tenuous to establish a *present* controversy within the Court's diversity jurisdiction.

The Court finds it is without jurisdiction over this matter.  It is therefore **respectfully recommended** that the Petition be **dismissed, for want of jurisdiction.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 21, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy